Finch, J.
 

 The relief demanded by the complaint in this action is the dissolution of the defendant company and the forfeiture of its charter. A demurrer was interposed upon the ground that the complaint did not state a cause of action and has been sustained and judgment rendered in favor of the defendant dismissing the complaint. The sufficiency or insufficiency of that pleading is the sole question involved in this appeal.
 

 The first ground of action alleged is that the defendant corporation, which is a railroad company, organized as such for the transportation of passengers and freight, omitted and neglected for five days to run its trains. The averment is one of a mere non-user, not even alleged to have been voluntary, for that brief period of time. The statute furnishes an answer. It explicitly determines
 
 *873
 
 what period of non-user shall serve to produce a right of forfeiture, and fixing it at one year, makes a mere non-user for a less period no ground for a dissolution. The language of § 1785 of the Code, which permits an actipn in equity for a forfeiture, is that the action may be maintained against the corporation “ where it has suspended its ordinary and lawful business for at least one year.” The plaintiff claims, however, that the present action is brought under § 1798 and that it furnishes a different rule. That section contains no rule of liability whatever, but simply points out a mode of procedure to enforce duties or punish misconduct, elsewhere and otherwise settled and determined. The terms of the section show that clearly. The attorney general, with leave of the court obtained, may sue for a forfeiture in five enumerated cases. First, where the corporation 'has “ offended against” the law of its creation. What constitutes such an offense the section does not declare or affirm but leaves us to look elsewhere for the proper and lawful test. Second, when the corporation “ has violated any_ provision of law whereby it has forfeited its charter or be-' come liable to be dissolved by an abuse of its powers.” Here again the violation must be one
 
 whereby
 
 forfeiture follows, and we must go outside of the section to ascertain what violation will produce the result and what acts constitute an abuse of powers conferred. Third, “ where it has forfeited its privileges or franchise by a failure to exercise its powers.” When such failure works a liability to forfeiture the section does not undertake to determine. Fourth, where the corporation has “ done or omitted any act which amounts to a surrender of its corporate rights, privileges and franchises,” but what acts do amount to such a surrender we must go beyond the section itself to ascertain. Fifth, where the corporation has “ exercised a privilege or franchise not'conferred upon it by law.” Here again, what acts, or how long continued, or how material or important, shall bring the penalty of dissolution we are not told, I think it beyond question, therefore, that the section does not establish, or pretend to establish, any rule of liability, but simply to fix and enumerate the classes of cases in which, if liability does exist, the attorney-general may move, having first obtained the assent of the court. That section relates, therefore, merely to procedure, and does not determine, much less enlarge, existing rules of corporate liability. It accomplishes nothing, therefore, to say that the action is brought under § 1798. The vital inquiry still remains, what has the corporation done or omitted which brings down upon it the penalty of dissolution. The answer given by the complaint is that for five days it suspended its ordinary business of transporting passengers and freight. But § 1785 does give a rule of liability where such suspension of business is made the ground of action, and provides that it must continue “for at least one year.” Other remedies may be applied for a non-user of less extent, but the remedy of forfeiture follows the persistent and continued suspension of business for the fixed period.
 

 But the learned counsel representing the People say that a cor
 
 *874
 
 poration may incur the penalty of forfeiture by the “"abuse of its powers.” Undoubtedly it may, but the complaint contains no such allegation, nor any averment of fact from which such abuse of power could be inferred. That the defendant company did not run its trains for five days shows merely an omission to use its powers, not an abuse of them. An omission to run its trains might be an incident in the conduct of a railroad company engaged in an abuse of its powers, but does not alone constitute such abuse; and where that is not alleged either in form or substance the complaint cannot be sustained upon that ground.
 

 The appellant, however, avers that it alleges in terms the violation of a statutory duty imposed upon the corporation by the law of its creation. The general railroad act has a section, chap. 140, Laws of 1850, § 36, which requires that “ every such corporation shall start and run their cars for the transportation of passengers and property at regular times to be fixed by public notice,” and the complaint alleges that on the 25th day of January, 1889, and for five days following the company did not so start and run its trains. It may be doubted whether this is anything more than the allegation of non- user in a different form. But it was claimed on the' argument that anv violation of a statutory duty makes a
 
 prima facie
 
 case for a decree of dissolution, and throws the burden of explanation and excuse upon the corporation assailed. We do not assent to that doctrine in such unguarded terms. If it be sound every railroad corporation in the state is
 
 prima facie
 
 liable to dissolution. Suppose this complaint had read that on the 25th day of January, 1889, the defendant company did not start- a train advertised to leave at eight o’clock until nine o’clock, whereby the public were delayed and injured. Nobody believes that on a demurrer admitting the facts a judgment of dissolution would follow, although a distinct statutory duty had been violated. The complaint must show on its face corporate acts or omissions such as not only put the company in the wrong but such as were either voluntary or negligent, and so material a disobedience of the public law as within established rules to warrant a judgment of dissolution. This complaint does neither. It does not charge that the omission to run trains for a few days was either voluntary or negligent, and the omission itself may have been involuntary and not. negligent, and in that event the coporation was guilty of no wrong and could not be dissolved. Every word of the complaint may be true and yet the defendant not be in fault or in the wrong, and it is not too much to require that such misconduct should be alleged when the remedy sought is corporate death.
 

 It may be conceded, as the appellants claim, that where some act or omission is made a cause of forfeiture by the statute it is not necessary to aver that it was intentional or negligent, for it has been so decided.
 
 People
 
 v.
 
 Hillsdale & Chatham Turnpike Co.,
 
 23 Wend., 256. But the decision implies that the allegation is necessary where the act or omission relied on is not made by the statute a cause of dissolution. In that case it was said that the finding of neglect would be material as to a single act of non-feasance.
 
 *875
 
 In
 
 People
 
 v.
 
 Bristol & Rensselaerville Turnpike Co.,
 
 23 Wend., 236, the court quoted approvingly, from a case decided in Maryland, the statement, “ nor is it every non-user that will furnish sufficient ground for forfeiture; ” and the court added, “ to work a forfeiture there should be something wrong; and not only a wrong but one arising from wilful abuse or improper neglect.” Nothing of the kind was alleged in the complaint in this action nor any fact which necessarily implied actionable misconduct. Corporations in this state do not hold their charters by so slender a tenure, but have a right to require of those who seek their destruction specfic allegations of intentional or voluntary misconduct or such neglect as indicates an indifference to the demands of public duty, unless the act or omission is made by statute a cause of forfeiture irrespective of its intent or character.
 

 But the complaint contains a second charge against the corporation. It alleges that the company “ did permit, require and allow the conductors and drivers and other employes of said defendant ” to work and labor more than ten hours within twelve consecutive hours for a day’s labor in violation of chap. 529 of the Laws of 1887. That statute by its terms imposes no duty upon the corporations described in it. In its first section it prescribes what shall constitute a day’s labor, and by its second section it makes it a misdemeanor for any officer or agent of such corporation to exact from any of its employes more than the specific labor. Both the prohibition and the punishment are explicitly put upon the officers and agents as individuals and not upon the company acting in its corporate capacity. The remedy for a violation of the statute is adequate and effectual since the corporation can only act through officers and agents and they are at once liable to punishment if the law is violated. The act of 1887 is neither in form nor substance an amendment of the general railroad act. It has reference to a particular class of railroad corporations, but not to all of them, and is not made an element of their charters. And the provision of § 1798 explicitly limits the action for a forfeiture to cases in which the corporation offends against an act “ by or under which it was created, altered or renewed, or an act amending the same.” The act of 1887 was neither. ' The defendant corporation was not created, altered or renewed under it, nor is it an amendment of the general railroad act under which the corporation was created. We fail to discover any ground upon which the complaint can be sustained.
 

 The judgment should be affirmed, with costs.
 

 All concur.